THE HONORABLE KAREN L. STROMBOM

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                            AT TACOMA

10   NORMAND JEFFREY BANA, a single
     man, KATE DOLOSA, a single
11   woman, LAARNI MENDOZA, a single          NO.  C08-5493 KLS
     woman, and MICHELLE MENDOZA,
12   a single woman,

13              Plaintiffs,                    DEFENDANT CITY OF TACOMA'S
                                              DISCLOSURE OF PRIMARY
14        vs.                                 EXPERT WITNESSES

15   CITY OF TACOMA, a Municipal
16   Corporation, and THE ROBERT
     LARSON AUTOMOTIVE GROUP,
17   INC., d/b/a/ "Robert Larson's Toyota
     of Tacoma," a Washington
18   Corporation,

19              Defendants.

20

21        COMES NOW the Defendant City of Tacoma, by and through its

22   undersigned attorneys, and by way of disclosure pursuant to FRCP 26(a)(2)(B)

23   and LR 26 (a)(2)(C), discloses the following primary expert witnesses:

24

25

26

DEFENDANT CITY OF TACOMA'S DISCLOSURE OF
PRIMARY EXPERT WITNESSES - Page 1 of 3          Tacoma City Attorney
(C08-5493 FDB)                                  Civil Division
                                                747 Market Street, Room 1120
                                                Tacoma, Washington 98402-3767
                                                (253) 591-5885 / FAX 591-5755

1.    Thomas F. Ovens
      810 Virginia Avenue
      Seattle, WA 98101
      (425) 221-5095

Mr. Ovens is expected to testify, if necessary, concerning the police procedures and use of force used during the July 27, 2007 contact with the plaintiffs, given the circumstances and information available to defendant officers at the time of the incident. Mr. Ovens' knowledge and experience as a use of force expert has been gained through more than eighteen years of experience as a police officer, police trainer/instructor and as a consultant on the use of force.

It is Thomas Ovens' opinion, as is detailed in his attached report, that the officers' response confirmed stolen vehicle and their subsequent actions were based upon their perception of the totality of the facts and circumstances confronting them at that time; and were reasonable, appropriate and completely within the accepted standards and procedures of prevailing police practices.

Mr. Ovens' fee for services rendered is $200.00 per hour.

DATED this _____ day of October, 2009.

ELIZABETH A. PAULI, City Attorney

By:  _____
     JEAN P. HOMAN
     WSB #27084
     Deputy City Attorney
     Attorney for Defendant

DEFENDANT CITY OF TACOMA'S DISCLOSURE OF
PRIMARY EXPERT WITNESSES - Page 2 of 3
(C08-5493 FDB)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

## CERTIFICATE OF SERVICE

I hereby certify that on _____10-5-09_____, I electronically filed, through my staff, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John W. Ladenburg, Jr., attorney for plaintiff, Bert W. Markovich and Jennifer L. Campbell, attorneys for Defendant Robert Larson.

Jean P. Homan

JEAN P. HOMAN, WSBA#27084
Attorney for Def. City of Tacoma
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA 98402
(253) 591-5885
Fax: (253) 591-5755
jhoman@ci.tacoma.wa.us

DEFENDANT CITY OF TACOMA'S DISCLOSURE OF
PRIMARY EXPERT WITNESSES - Page 3 of 3
(C08-5493 FDB)

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, Washington 98402-3767
(253) 591-5885 / FAX 591-5755

**Report of Thomas Ovens**
**Re: Bana, et al. v City of Tacoma, et al.**

At the request of the attorneys for defendants, I have reviewed the actions of the Tacoma Police Officers during the detention and release of the plaintiffs; Norman Jeffrey Bana, Laarni Mendoza, Kate Delosa, and Michelle Mendoza, on July 26th, 2007 in the City of Tacoma.

**<u>Qualifications:</u>**
I have been a police officer for more than eighteen years. I am currently working night time hours supervising a squad of officers in their performance of their duties. I have extensive experience in patrol work. My experience includes patrol and detective work, supervising and training law enforcement officers, policy review, creation and implementation of policy. My patrol experience includes uniformed bicycle patrol, uniformed patrol in a police cruiser and emphasis patrol in plain and marked police vehicles. I have been and I am currently a Sergeant supervising a patrol squad.

While I was a Supervising Officer and Sergeant at the Auburn Police Department and as a Sergeant at the Seattle Police Department, I routinely reviewed every police report prepared by subordinate officers to determine the sufficiency of reasonable suspicion and probable cause for arrest and warrants. As a detective at the Auburn Police Department I prepared search and arrest warrants including the supporting affidavits for the most serious of crimes including: robbery, felony assault, rape and murder. As a Sergeant or Supervising Officer at the Seattle or Auburn Police Departments, I would and do respond to incidents such as the one in this matter if necessary to assist and supervise those officers under my command.

I am also a police instructor and provide instruction and expert testimony in state and federal court regarding Fourth Amendment issues, citizen or "social" contacts, investigatory stops, probable cause, patrol procedures, tactical operations and use of force. My instructor certifications include: CJTC Master Defensive Tactics Instructor, OC Pepper Spray Instructor and a M26/X26 Taser Instructor. I have also been certified to use the Taser. Additionally, I have experienced three direct exposures or applications of the Taser to my person in training. I am currently teaching use of force decision making to Basic Law Enforcement Recruits that attend the Basic Law Enforcement Academy. I am also an adjunct instructor for the Advanced Training Unit of the Seattle Police Department. I have taught use of force, defensive tactics, entry risk assessment as part of the Sergeants in-service training and I have instructed officers in patrol tactics. My training experience includes all levels of the law enforcement field from new recruits to chiefs of police. I have had extensive training and experience in the evaluation of probable cause. Therefore, I have an objective basis to evaluate the officer's conduct in this incident.

I have reviewed and consulted on cases as an expert witness involving similar legal issues as are presented here. I have attached my Curriculum Vitae, CV, outlining my training and experience.

- 1 -

After, reviewing the below listed documents and materials I made this report.

- Plaintiff's Complaint for Personal Injuries and Damages;

- Defendant's answer to Complaint for Personal Injuries and Damages;

- First Amended Complaint for Violation of Civil Rights, False Arrest, False Imprisonment and Negligence;

- Defendant City of Tacoma's Answer to first Amended Complaint for violation of Civil Rights, False Arrest, False Imprisonment and Negligence;

- Ruston Way Police Department File, including report and additional documents, Bates BANA 000001-000042;

- Tacoma Police Department Incident Report No. 07-1660887, Bates BANA 000045-000057;

- Tacoma Police Department supplemental administrative reports by Officers Olson, Bartenetti, Schultz, Rosmaryn, May, Sbory and Rasmusser;

- Plaintiffs' First Set of Interrogatories and Request for Production to Defendant and Answers Thereto.

**Opinions:**
All opinions are expressed based upon my training, experience and the documents I have reviewed regarding this incident. The following opinions, which I offer are subject to revision as discovery progresses in this lawsuit.

1.  I believe that a reasonable police officer responding to assist another agency that is reported to be following a confirmed stolen vehicle would believe that high risk vehicle stop tactics would be appropriate and reasonable. I believe that the Tacoma Officers that responded to the high risk vehicle stop to assist officer of the Ruston Police department acted reasonably.

2.  High risk vehicle stop tactics have been in use under various names in law enforcement for my entire 18 year career. I have been trained that these tactics were developed in the 1970's. High risk vehicle stops were developed to increase officer safety and the safety of bystanders as a result of officers being killed while stopping high risk vehicles. A high risk vehicle is one that is typically involved in a violent crime or many felony level crimes. A reasonable officer is also aware that people in stolen cars may have stolen that car to commit a more serious crime such as robbery.

3.    High risk vehicle stops involve ordering the driver and occupants out of the car while having a tactical advantage over the situation. These tactics include the positioning of the officers cars, the use of overhead lights, vehicle spot lights, loud verbal commands and having deadly force cover available. Typically, the driver and occupants are ordered out of the car individually, placed in the prone or kneeling position and handcuffed. Once handcuffed, the individuals are patted down for weapons and placed in a patrol car for safekeeping until the car is cleared and secured. Once, cleared and secured the driver and occupants will be detained until the preliminary investigation corroborates the probable cause obtained from the WACIC return or like in this case the preliminary investigation clears the suspected criminals and they are released.

4.    I have conducted numerous high risk vehicle stops and supervised officers conducting high risk vehicle stops. It has been my training and experience that because of the controlled manner in which these stops are made they result in very few injuries to the officers, bystanders or suspects involved in them. In fact, I do not recall a single high risk vehicle stop where the subjects being detained were compliant that resulted in an injury to anyone.

5.    Officers may rely upon information in WACIC to detain or arrest subjects dependent on the totality of the circumstances. In this case, I believe that a reasonable officer would have relied on the WACIC information to stop and detain the plaintiff's for being suspected of the crime of theft.

6.    Typically, WACIC does not list suspect information in the stolen vehicle file that an officer would have access too. Also, even if the officers knew that the suspect was a black female as the plaintiff's assert they should have, the officers would have not adjusted their tactics due to the fact that a reasonable officer knows that auto theft suspects trade stolen cars to other criminals. In addition, a reasonable officer also knows that the original suspect information may be incorrect.

7.    Handcuffs are an inherently uncomfortable but necessary form of restraint used by law enforcement through out the country and parts of the world to control subjects when they are uncooperative or compliant subjects who are under arrest, being detained or transported dependent on the totality of the circumstances. Handcuffs are made of metal to avoid escape of the suspect by breaking the handcuffs; suspects are handcuffed behind their back to prevent escape and assault on the Officers. However, handcuffs are a temporary mechanical restraint that does not totally prevent an escalation of violence or the escape of the suspect. For example, handcuffs do not control the legs.

8.    I do not know of any police agency in the State of Washington that it is the ordinary and customary practice to clear a stolen vehicle from WACIC by calling the follow up detective. The ordinary and customary practice is for the reporting party to call 911 and request that an officer respond.

**Exhibits:**
Documents listed in this report


**Publications:**
Use of Force Decision Making
The Guardian, January 2004

Lawful Force
The Guardian, March 2004


**Previous Expert Testimony:**
Cavanaugh v City of Mt Vernon, et al.
United States District Court, Western District of Washington

Iyer v City of Kent, et al.
King County Superior Court for Washington State

Johnson v. City of Enumclaw, et al.
United States District Court, Western District of Washington

Harju v. Nordmark
Skagit County Superior Court for Washington State

Ahlstedt v. City of Tukwila, et al.
King County Superior Court for Washington State

Lindenmeyer v City of Mountlake Terrace, et al
United States District Court, Western District of Washington

Heller, et al v City of Tukwila, et al.
United States District Court, Western District of Washington

Clark v. City of Aberdeen, et al.
United States District Court, Western District of Washington

Waltz v. Thurston County, et al.
United States District Court, Western District of Washington

Marsh v City of Tukwila, et al.
United States District Court, Western District of Washington

Hamre v City of Bothell, et al.
United States District Court, Western District of Washington

Estate of Kelly Loomis v. City of Puyallup, et al.
United States District Court, Western District of Washington

Frunz v City of Tacoma, et al.
United States District Court, Western District of Washington

Thomas, et al. v King County, et al.
United States District Court, Western District of Washington

Dempere v City of Tukwila, et al.
United States District Court, Western District of Washington

Buchanan v Walla Walla County, et al.
United States District Court, Eastern District of Washington

Logan, et al. v City of Pullman, et al.
United States District Court, Eastern District of Washington

Trevino v City of Monroe, et al.
United States District Court, Western District of Washington

Stiffarm v City of Pullman, et al.
United States District Court, Eastern District of Washington

Joyce, et al. v Hayes, et al.
Clallam County Superior Court for Washington State

Thornton v City of Goldendale, et al.
United States District Court, Eastern District of Washington

Lanoutte v Benton County
Benton County Superior Court for the State of Washington

Estate of Brutsche, et al. v City of Tukwila, et al.
United States District Court, Western District of Washington

Lassiter, et al. v City of Bremerton, et al.
United States District Court, Western District of Washington

Bates v King County, et al.
United States District Court, Western District of Washington

Dickinson v City of Kent, et al.
United States District Court, Western District of Washington

Bonner v City of Normandy Park, et al.
United States District Court, Western District of Washington

Myser v Spokane County, et al.
United States District Court, Eastern District of Washington

Bennett v Grays Harbor County, et al.
United States District Court, Western District of Washington

Wiedersphon v Whatcom County, et al.
United States District Court, Western District of Washington

Huyhn v City of Union Gap, et al.
United States District Court, Eastern District of Washington

Pruitt v City of Arlington, et al.
United States District Court, Western District of Washington

Quimby v City of McCleary, et al.
Grays Harbor Superior Court for the State of Washington


**Compensation:**
My hourly rate of compensation is $200 plus costs, if any.  Deposition testimony includes travel time and is billed in four-hour increments.  Any deposition testimony including travel time over four hours is billed at eight hours; any testimony over eight hours is billed at twelve, etc.  All fees for deposition testimony are due prior to the deposition.

Thomas Ovens                          10/05/09

- 6 -

810 VIRGINA AVE • SEATTLE WA 98101
PHONE 425-221-5095 • E-MAIL DTOPTIONS@ATT.NET

# THOMAS F OVENS

## SUMMARY OF QUALIFICATIONS

1993-Present     Law Enforcement and Security          Washington

*Use of Force Instructor and Litigation Consultant*

- Case review and expert testimony
- Master Defensive Tactics Instructor
- Firearms Instructor: Pistol, Rifle and Shotgun
- Use of Force Simulations and Tactics Instructor
- Use of Force Decision Making Instructor
- Policy review, creation and implementation
- Instructional experience at all levels of expertise

## PROFESSIONAL EXPERIENCE

1999-Present     Seattle Police Department          Seattle, Washington

*Police Officer, Trainer, Sergeant*

- West Precinct Patrol Sgt., 04/07-present
- Communications, A/Sgt. and Sgt., 07/11/05-04/07
- East Anti-Crime Team, 05/11/2004 to 07/11/05
- Patrol Officer, 04/14/99-04/14/00, 11/20/02 to 05/11/04
- East Bicycle Squad, 01/01/01 to 11/20/02
- Night Community Police Team, 04/14/00-01/01/01
- Advanced Training Unit MDTI 12/03 to present

1991-1999     Auburn Police Department          Auburn, Washington

*Police Officer, Detective and Sergeant*

- Basic and Master Defensive Tactics Instructor 1993-1999
- Firearms Instructor, 1993-1999 and Range Master, 1995-1997
- Member of the Civil Disturbance Unit, Riot Team, 1994-1995
- Member of the Emergency Services Unit, SWAT Team, 1995-1997
- Patrol Officer, 04/01/91-07/01/95
- Detective-Persons Crimes, 07/01/95-11/01/97
- Sergeant, 11/01/97-04/12/99

## INSTRUCTOR QUALIFICATIONS

Washington State Master Defensive Tactics Instructor

NRA Pistol and Shotgun Instructor

Washington State Urban Rifle and Bolt Action Rifle Instructor

Washington State Use of Force Simulations Instructor

## INSTRUCTIONAL EXPERIENCE

- Primary Instructor-In Service Training For Patrol Officers
- Primary Instructor-Defensive Tactics for Riot Teams
- Assistant Instructor-Defensive Tactics for Security Officers
- Primary Instructor-Self-Defense for Women
- Primary Instructor-Personal Safety for civilians
- Assistant Instructor-BCC Defensive Tactics
- Assistant Instructor-Basic Law Enforcement Academy
- Assistant Instructor-UDT-Level One Instructor
- Assistant Instructor-Use of Force Simulations Instructor
- Primary and Assistant Instructor-Expandable Baton
- Primary Instructor-OC Spray User
- Primary Instructor-Use of Force
- Primary Instructor-Deadly Force Scenarios
- Primary Instructor-Riot Squad Tactics
- Master Defensive Tactics Instructor Re-certification Board
- Primary Instructor-Use of Force Decision Making
- Primary Instructor-Street Skills
- Assistant Instructor-Police Liability-Use of Force
- Assistant Instructor-Close Quarter Combat for Women Officers
- Primary Instructor-Use of Force Decision Making-WSPD
- Primary Instructor-Marksmanship Training
- Primary Instructor-Rifle Training
- Primary Instructor-Shotgun Training
- Primary Instructor-Tactics Training
- Primary Instructor-Low Light Training
- Primary Instructor-Live Fire Entry Training
- Primary Instructor-Advanced Pistol Training
- Primary Instructor-SWAT Firearms Training
- Primary Instructor-Firearms training for ACT and SET